1  McGREGOR W. SCOTT
United States Attorney
2  JEFFREY A. SPIVAK
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  1:19-CR-00177-NONE-SKO

12                        Plaintiff,

13                        v.                 STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
14  (1) JOEL JUAREZ (aka JOEL JUAREZ-         FINDINGS AND ORDER
    LOPEZ, aka WUILBER LOPEZ-
15  RODRIGUEZ, aka WILBERT LOPEZ-            DATE: October 19, 2020
    RODRIGUEZ),                             TIME: 1:00 p.m.
16  (2) DELFINA LEON FELIX, and             COURT: Hon. Sheila K. Oberto
    (3) ERICK LOPEZ,
17
                        Defendants.
18

19
          This case is set for status conference on October 19, 2020.  On May 13, 2020, this Court issued
20
    General Order 618, which suspends all jury trials and extends the Courthouse closure in the Eastern
21
    District of California until further notice.  This and previous General Orders were entered to address
22
    public health concerns related to COVID-19.
23
          Although the General Order addresses the district-wide health concern, the Supreme Court has
24
    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
25
    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
26
    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
27
    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*
28
    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1   judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

2   orally or in writing").

3       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

4   and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances

5   are excludable only if "the judge granted such continuance on the basis of his findings that the ends of

6   justice served by taking such action outweigh the best interest of the public and the defendant in a

7   speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets

8   forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice

9   served by the granting of such continuance outweigh the best interests of the public and the defendant in

10  a speedy trial." *Id.*

11      The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

12  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

13  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

14  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

15  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

16  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

17  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

18  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

19  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20      In light of the societal context created by the foregoing, this Court should consider the following

21  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

22  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

23  for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

24  continuance must be "specifically limited in time").

## STIPULATION

26      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

27  through defendant's counsel of record, hereby stipulate as follows:

28      1.      By previous order, this matter was set for status on October 19, 2020.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2.      By this stipulation, defendant now moves to continue the status conference until March 3, 2021, and to exclude time between October 19, 2020, and March 3, 2021, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case is voluminous and includes hours of recordings from controlled purchases, tens of investigative reports, hundreds of pictures, and other evidence.  This case was a lengthy narcotics investigation that lasted nearly a year.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with his client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 19, 2020 to March 3, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 1, 2020                          MCGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ JEFFREY A. SPIVAK
                                                 JEFFREY A. SPIVAK
                                                 Assistant United States Attorney


Dated:  October 1, 2020                          /s/ Ryan Roth
                                                 Ryan Roth
                                                 Counsel for Defendant
                                                 Joel Juarez


Dated:  October 1, 2020                          /s/ Mark Coleman
                                                 Mark Coleman
                                                 Counsel for Defendant
                                                 Delfina Leon

Dated:  October 1, 2020                          /s/ Monica Bermudez
                                                 Monica Bermudez
                                                 Counsel for Defendant
                                                 Erick Lopez


## FINDINGS AND ORDER

IT IS SO ORDERED.

Dated:    **October 2, 2020**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4